IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARTHUR DENNISON,

        Petitioner,

                                        CASE NO. 2:15-CV-1344

v.                                         JUDGE GEORGE C. SMITH
                                         MAGISTRATE JUDGE KEMP

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

        Respondent.

**OPINION AND ORDER**

On October 20, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 18). This matter is before the Court on Petitioner's November 14, 2016, *Notice of Appeal*, (ECF No. 19), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on charges related to a home invasion robbery that occurred on March 15, 2009. He asserts that he was denied his right to a speedy trial, denied a fair trial based on jury instructions on accomplice testimony and admission of allegedly perjured testimony, and on the basis of cumulative error. The Court dismissed Petitioner's claims as procedurally defaulted or without merit.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to

appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has waived his right to appeal all of his claims with the exception of his claim that he was denied his right to a speedy trial, based on his failure to file any objection to the Magistrate Judge's recommendation of dismissal of such claims as procedurally defaulted and failing to provide a basis for federal habeas corpus relief. *See United States v. Waltman*, 529 Fed.Appx. 680, 681 (6th Cir. 2013)(citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). Although the Court explicitly advised

Petitioner that the failure to file objections to the Magistrate Judge's recommendations would result in the waiver of the right to appeal, he objected solely to the Magistrate Judge's recommendation of dismissal on the merits of his claim regarding the denial of the right to a speedy trial.

Moreover, even had Petitioner not waived his right to appeal, the Court is not persuaded that reasonable jurists would debate whether the Court correctly dismissed such claims as procedurally defaulted and without merit.  Petitioner did not present his jury instruction claim to any state court, and it does not appear from the record that his attorney raised this objection.  Petitioner likewise did not present to the state appellate court any claim regarding perjured testimony.  Further, even if the Court assumes that his claim regarding eyewitness identification is a sufficiently related issue so as to avoid procedural default at the court of appeals level, Petitioner nonetheless did not raise such claim in the Ohio Supreme Court.  Petitioner has presented nothing to excuse his procedural defaults, nor has he made a showing of actual innocence.  Further, the United States Court of Appeals for the Sixth Circuit has held that a claim of cumulative error will not provide a basis for federal habeas corpus relief.  *Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005).

As to Petitioner's claim that he was denied his right to a speedy trial, the Court remains unpersuaded that reasonable jurists would debate whether the Court correctly dismissed the claim on the merits.  As previously detailed, the record simply fails to reflect that the state appellate court unreasonably applied or contravened federal law, or based its decision on an unreasonable determination of the facts in light of the evidence presented so as to warrant federal habeas corpus relief.  *See* 28 U.S.C. § 2254(d).

Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                         *s/ George C. Smith*
                                         **GEORGE C. SMITH, JUDGE**
                                         **UNITED STATES DISTRICT COURT**